48

## CIRCUIT COURT OF THE CITY OF ROANOKE

First Union National Bank

v.

Luisa B. Hahn

November 21, 1997

Case No. (Law) 96-1006

BY JUDGE ROBERT P. DOHERTY, JR.

On April 12, 1990, husband and wife set up a spendthrift trust funded with $650,000.00 from the husband's personal injury action, naming themselves and their child as a beneficiary. Effective March 21, 1991, First Union National Bank of Virginia qualified as successor trustee. On May 1, 1991, wife executed a note and borrowed $25,000.00 from the bank. Thereafter, wife defaulted, and on September 16, 1996, the bank filed suit on the note. Wife denied the default and filed a counterclaim alleging that the bank, in contradiction to the terms of the trust, allowed her husband to deplete the trust assets. She claims that the bank was negligent in making trust distributions and that it breached its duty as trustee by not following the dictates of the trust when it made the distributions. She believes that the bank should reimburse the trust for the funds paid out and then she would have sufficient funds to repay the loan. The bank denies that it breached its duty as trustee. It alleges that all payments from the trust corpus were approved by both husband and wife, as evidenced by a document dated June 4, 1994, and signed by both husband and wife authorizing payment by the trustee of thirty-one principal distributions previously made to them between April 1, 1991, and June 2, 1994, in the total amount of $486,000.00. On September 15, 1994, husband and wife presented a handwritten letter to the bank directing that the trust be terminated and that the remaining proceeds be deposited in their savings account. The bank complied with those directions. Wife claims that the June 4, 1994, affirmation of distributions is invalid, as neither she nor her husband knew that the distributions were

contrary to the terms of the trust and that they were induced to sign the authorization by the improper actions of the trustees.

The bank has filed a plea in bar claiming that the statute of limitations has run on the counterclaim and a motion for summary judgment alleging that the authorization signed by husband and wife completely undermines the counterclaim.

The filing of an accounting by the fiduciary, contrary to the arguments of Defendant, is not necessary for the cause of action to accrue in this case. At the very least, the cause of action for breach of fiduciary duty, and the one for negligence, commenced when the balance of the trust corpus was received by the Defendant and her husband on September 15, 1994. As of that date, the trust ceased to exist. Also by that date the Defendant had full knowledge of all payments made from the trust. At the time the counterclaim was filed on October 10, 1996, the statute of limitations had run on both the negligence claim and on the breach of fiduciary duty claim. See § 8.01-243 and § 8.01-248. However, if the Defendant's counterclaim is a breach of contract case, then the five-year statute of limitations contained in § 8.01-246 applies and the Defendant's position is not time barred."

Assuming, but not ruling, that the Defendant's counterclaim amounts to a breach of contract case, then the next hurdle the Defendant has to overcome is the allegation that all payments to Defendant and her husband were approved and ratified by the June 4, 1994, authorization. That document is clear and unequivocal. The phrase, "as required by our trust agreement . . ." is not sufficient to constitute a fraud or misrepresentation upon the Defendant and her husband, as they knew or should have known the terms of the trust.

The Defendant and her husband created the trust. They signed the original trust agreement and are charged with the knowledge of and having read and understood what they signed. *Royal Ins. Co. v. Poole*, 148 Va. 363 (1927). The trust agreement gave the trustors the "right to alter, amend, revoke, make additions to or withdrawals from this trust . . ." and to withdraw funds in any amount, without limitation. See paragraph O of the trust agreement. The authorization for prior withdrawals signed by both trustors on June 4, 1994, was signed by them with full knowledge and understanding of the terms of their trust. It constituted a complete approval of the disbursements of trust funds to them by their trustee. *Sedgewick's Curator v. Taylor*, 84 Va. 820 (1888). Having ratified the actions of the trustee with full knowledge of all of the surrounding facts and circumstances, the Defendant may not now claim ignorance of her rights.

The Plaintiff's motion for summary judgment against the counterclaim will be granted, and the counterclaim will be dismissed.